# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs January 5, 2011

## STATE OF TENNESSEE v. RICHARD ALEXANDER HERRERA

**Direct Appeal from the Circuit Court for Obion County**
**No. CC-09-CR-112    William B. Acree, Jr., Judge**

---

**No. W2010-00937-CCA-R3-CD  - Filed September 23, 2011**

---

A Wilson County jury convicted the defendant of attempted unlawful photographing, a Class B misdemeanor; sexual battery, a Class E felony; attempted sexual battery, a Class A misdemeanor; and unlawful photographing, a Class A misdemeanor.  The trial court sentenced him as a Range I, standard offender to one year in the Tennessee Department of Correction for the felony conviction.  The court sentenced him to six months at 75% in the county jail for the Class B misdemeanor conviction and to eleven months, twenty-nine days at 75% for each Class A misdemeanor conviction.  The court ordered the sentences to run concurrently.  On appeal, the defendant argues that (1) the evidence was insufficient to sustain his convictions for unlawful photographing and attempted unlawful photographing because the victim was in a public place where she had no expectation of privacy and (2) the trial court erred by denying the defendant's motion for a continuance to give his attorney an opportunity to obtain the defendant's medical records. Following our review, we reverse and dismiss the defendant's convictions for unlawful photographing and attempted unlawful photographing.  We affirm the defendant's convictions for sexual battery and attempted sexual battery.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Reversed in Part and Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined and J.C. MCLIN, J., (not participating).[1]

---

[1]This case was originally assigned to our colleague and friend, Judge J.C. McLin.  After Judge McLin's untimely death on September 3, 2011, the case was re-assigned.  Prior to his death, Judge McLin and his staff had done extensive work on this case.  We have utilized much of that work, incorporated it into this opinion, and take this opportunity to acknowledge the faithful service of Judge McLin to this Court.

Joseph P. Atnip (on appeal), District Public Defender, Dresden, Tennessee, and David Hamblen (at trial), Union City, Tennessee for the appellant, Richard Alexander Herrera.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

On October 5, 2009, an Obion County grand jury indicted the defendant, Richard Alexander Herrera, on four counts: (1) unlawful photographing, a Class A misdemeanor; (2) sexual battery, a Class E felony; (3) attempted sexual battery, a Class A misdemeanor; and (4) unlawful photographing, a Class A misdemeanor. The parties tried the case before a jury on January 20, 2010.

At trial, Nikki Calhoun testified that she was shopping for medicine at Walmart with her boyfriend on July 10, 2009, when she encountered the defendant. She said that while her boyfriend ran back to the car for a moment, she stayed in the store looking at the medicine. Ms. Calhoun testified that she felt someone behind her in the aisle, so she moved over. When she moved over, someone grabbed her buttocks. Ms. Calhoun said that she did not know what to do, so she just stood still for a moment. The person turned towards her and pointed to something on her shirt. He told her that she had something on her shirt and moved towards her. She testified that she stepped back, but the person continued moving towards her "like he was still going to try and grab" her breast. She said that he walked away when she continued to step back and that he never touched her chest. Ms. Calhoun stayed in the aisle until her boyfriend returned. She said that she was upset and crying. She told her boyfriend what had happened and insisted that they leave the store. Ms. Calhoun identified the defendant as the person who grabbed her buttocks that day.

Ms. Calhoun further testified that she encountered the defendant again at the same Walmart on August 14, 2009. She said that she was in the grocery section when she saw someone behind her in her peripheral vision who "looked like he was trying to take a picture." She said that she reached down to grab a box from a shelf and saw the person "bent down with his phone up [her] skirt." She turned around and looked at the person, who told her, "'Oh, we must have been looking at the same thing.'" She identified the defendant as the person who had his phone under her skirt. Ms. Calhoun said that they both walked away at that point. She saw him walk out of the store, and she went to the store's restroom because she was crying. A store employee in the restroom asked her whether she was okay, and she

told the employee what happened. The employee said that they needed to contact the police. The police arrived, and she spoke with a patrol officer. She later spoke with Union City Police Investigator Susan Andrews. Ms. Calhoun testified that district attorney showed her a video taken from the defendant's house.[2] She said that she recognized herself in the video and that it was embarrassing to her.

Tammie Winchester testified that she was the asset protection coordinator for the Walmart store in Union City, Obion County, Tennessee. She testified that on August 14, 2009, someone informed her that a woman had reported being assaulted in the store, and officers had requested video of the incident. Someone had already found the subject, later identified as the defendant, on the store's surveillance video, and Ms. Winchester used the video to discover that the defendant had cashed a payroll check at the store. She connected the time he cashed the check with the electronic records of the cash register and retrieved the check from the register drawer. The check bore the defendant's name. Ms. Winchester testified that the surveillance video from August 14 did not show the incident that Ms. Calhoun reported, but Ms. Winchester and Ms. Calhoun went through the store's video of July 10, 2009, and discovered that the incident that occurred that day had been recorded.

Union City Police Investigator Derrick O'Dell testified that he executed a search warrant at the defendant's home and found a silver HP camera with a memory card. Investigator O'Dell discovered a video saved on the memory card labeled "Up Skirt - Black Thong." The state played the video for the jury. Investigator O'Dell testified that the video showed the victim, and the audio portion of the video was someone saying, "[S]orry[,] we're looking at the same stuff."

Union City Police Investigator Susan Andrews testified that she interviewed the defendant after advising him of his *Miranda* rights. She said that the defendant told her "that if [she] had him on video, he guessed that he had done it and that he had been taking medication and [did not] remember it, but he was sorry, and he wanted to know if there was anything he could do to get out of it."

The defendant testified that he moved to Obion County from California for work. He said that his father had been a professional photographer and that he had grown up around photography. The defendant testified that he always had his camera with him and that he took pictures of "everything." As examples, he listed food, his house, squirrels, and dirt as subjects of his photography. When asked why he would photograph the victim's bottom, he said that he could not give a reason other than that he had "a compulsive disorder." The

---

[2] The record reflects that Union City Police Investigator Derrick O'Dell seized the video from the defendant's house. The state played the video for the jury during Investigator O'Dell's testimony.

defendant testified that there was "nothing sexual . . . with these picture takings at all whatsoever." He explained that he had been "under a battery of medications from a couple of different injuries . . . which did obviously cloud [his] judgment." The defendant said that "at the time, [he] really didn't feel [he] was doing anything wrong or against the law or offending anybody." He testified that the victim might have bumped into him, but he "did not have any intent to touch, grab, offend, squeeze . . . nothing like that." Concerning the attempted sexual battery charge, the defendant said that all that he did was point out that the victim had something on her shirt, which he thought might have been a spider. The defendant testified that when he took the video of the victim's bottom on August 14, 2009, he was "off kilter" and did not feel that he was doing anything wrong at the time. He testified that a doctor in California had diagnosed him as obsessive compulsive but did not prescribe medication because the doctor was unsure how medicine for obsessive compulsive disorder would affect his pre-existing Tourette's Syndrome.

Following the close of proof and deliberations, the jury convicted the defendant of the lesser-included charge of attempted unlawful photographing, a Class B misdemeanor; sexual battery, a Class E felony; attempted sexual battery, a Class A misdemeanor; and unlawful photographing, a Class A misdemeanor. The trial court sentenced the defendant as a Range I, standard offender to one year in the Tennessee Department of Correction for the Class E felony. The trial court sentenced him to six months in the county jail with a release eligibility of 75% for the Class B misdemeanor and to eleven months, twenty-nine days in the county jail with a release eligibility of 75% for each of the Class A misdemeanors. The trial court ran the sentences concurrently. The trial court denied the defendant's motion for new trial, and the defendant filed a timely notice of appeal.

**Analysis**

I. Sufficiency

For his first issue, the defendant claims that the evidence was insufficient to support his convictions for attempted unlawful photographing and unlawful photographing. Specifically, he contends that the evidence showed that he photographed the victim in a public place in which she did not have an expectation of privacy. The state does not contest the defendant's argument but "reluctantly agrees."

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). The weight and credibility of the

witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984); *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

At the time that the defendant was charged, the unlawful photographing statute codified in Tennessee Code Annotated section 39-13-605[3] read as follows:

(a) It is an offense for a person to knowingly photograph, or cause to be photographed an individual, when the individual is in a place where there is a reasonable expectation of privacy, without the prior effective consent of the individual, or in the case of a minor, without the prior effective consent of the minor's parent or guardian, if the photograph:

(1) Would offend or embarrass an ordinary person if such person appeared in the photograph; and

(2) Was taken for the purpose of sexual arousal or gratification of the defendant.

In *State v. Jesse B. Gilliland*, No. M2008-02767-CCA-R3-CD, 2010 WL 2432014, at *1 (Tenn. Crim. App., at Nashville, June 17, 2010), this court concluded that a defendant did not violate Tennessee Code Annotated section 39-13-605 when he photographed a woman at Cool Springs Mall, a public place, because the woman did not have a reasonable expectation of privacy in the place where he photographed her. *Gilliland*, 2010 WL 2432014, at *5. In this case, the defendant argues, and the state agrees, that an aisle at Walmart is not a place where the victim had a reasonable expectation of privacy. As the court did in *Gilliland*, we must agree that the defendant did not violate the statute as it stood when he was charged with unlawful photographing because the victim was not in a place where she had a reasonable expectation of privacy. Therefore, we reverse the defendant's convictions for unlawful photographing and attempted unlawful photographing and dismiss those charges against him.

## II. Motion for Continuance

---

[3] The legislature amended the statute in 2010, and the current version of the statute, effective January 1, 2011, reads, "It is an offense for a person to knowingly photograph, or cause to be photographed an individual, *when the individual has a reasonable expectation of privacy . . . .*" Tenn. Code Ann. § 39-13-605 (emphasis added).

The defendant argues that the trial court erred by denying his motion for continuance. The defendant moved for a continuance on the first day of the trial, claiming that his attorney needed time to obtain the defendant's medical records from California. The defense counsel argued that the records could support a defense that the defendant had medical conditions that would negate the requisite mens rea for the charged offenses. The defense counsel stated that the defendant did not mention anything to him about his medical conditions until just prior to trial. The trial court denied the motion. On appeal, the defendant claims that the trial court committed reversible error by denying the motion because the court prevented him from defending against the state's mens rea evidence, thus denying him due process.

A trial court's decision to grant or deny a continuance is discretionary. *State v. Hester*, 324 S.W.3d 1, 35 (Tenn. 2010).

> Reviewing courts will not overturn these decisions in the absence of a finding of an abuse of discretion and proof that the denial of the continuance either deprived the defendant of a fair trial or caused an outcome that would not have occurred had the continuance been granted. A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.

*Id.* (internal citations omitted).

In this case, the defendant has not shown actual prejudice that resulted from the trial court's denial of his motion for continuance nor has he shown that the trial court abused its discretion in denying the motion. The record indicates that the defendant's counsel first broached the issue on the day before the trial began. The transcribed discussion about the motion took place after the jury had been chosen and the court had given its opening instructions. The defense counsel did not indicate what the exact nature of the records were nor where and how he could obtain the records. The defense counsel did not present any case law supporting his position. On appeal, the defendant concedes that "[t]he actual prejudice in this case is difficult to demonstrate . . . because there was not a showing of proof" and suggests that prejudice could "be presumed from the fact that, if defense counsel had been allowed more time to obtain records, and had those records cast doubt on his ability to form the requisite intent, then a jury would have been required" to acquit him of sexual battery. We decline to presume prejudice in this case, especially without any notion of what the defendant's medical records would contain other than the defendant's testimony that a doctor had diagnosed him with Tourette's Syndrome and obsessive compulsive disorder. Without proof of actual prejudice or a showing that the trial court abused its discretion, the defendant's argument is without merit, and he is not entitled to relief as to this issue.

**Conclusion**

Based on the foregoing reasons, we reverse the judgments for unlawful photographing and attempted unlawful photographing and dismiss the charges. We affirm the defendant's convictions and sentences for sexual battery and attempted sexual battery. The case is remanded for dismissal of the charges in counts one and four.

_____
CAMILLE R. MCMULLEN, JUDGE